**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY ROJAS, | No. 10-17086 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00725-SKO |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted November 17, 2011
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Petitioner Rudy Rojas ("Rojas") appeals the affirmance of the denial of Social

Security disability benefits based on an administrative law judge's ("ALJ") finding,

at Step Five of the five-step disability analysis prescribed in 20 C.F.R. § 404.1520,

that Rojas retained sufficient residual functional capacity ("RFC") to work. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

review the district court's decision de novo, and may set aside the denial of benefits if the ALJ's findings were based on legal error or were not supported by substantial evidence. *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000).

Rojas suffered from three severe medical impairments at the time of his administrative hearing, and the ALJ explicitly noted as much at Step Two. One of those impairments, a bone infection called osteomyelitis in Rojas's right foot, was not diagnosed until six months before the hearing and led to the amputation of a significant part of Rojas's foot only a month before the hearing.

The only medical evidence supporting the conclusion that Rojas was capable of performing jobs available in significant numbers came in the form of opinions from government physicians issued *before* Rojas developed osteomyelitis and his subsequent amputation. Because the RFC inquiry required the ALJ to consider "all medically determinable impairments" of which he was aware, 20 C.F.R. § 404.1545(a)(2), these opinions did not, without more, provide substantial evidence—more precisely, "such relevant evidence as a reasonable mind might accept as adequate"—to support the ALJ's Step Five conclusion. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Although the ALJ attempted to make up for this evidentiary void by asking the testifying vocational expert to assume Rojas could not

2

operate foot controls, fairness required additional medical evidence regarding whether and to what extent Rojas's osteomyelitis and amputation might have further reduced his ability to sit and other factors relevant to the RFC analysis.

We reverse the district court's decision with instructions to remand the case to the ALJ for further proceedings that consider Rojas's current medical circumstances, including the effect of his amputation on his RFC.

**REVERSED and REMANDED.**